Richard Davies, Executive Director Arkansas Department of Parks and Tourism One Capitol Mall Little Rock, AR 72201
Dear Mr. Davies:
I am writing in response to your request for an opinion on the following matter:
 Act 386 of 1999 amended Arkansas Code 8-6-412. In Section (1) the Act struck several named enforcement officers and added "All Arkansas certified law enforcement officers . . ." In Section (2) the act struck jurisdictional limitations for Forestry enforcement officers and Department of Parks and Tourism enforcement officers.
 Request for Opinion: Does Arkansas Code 8-6-412 authorize all Arkansas certified law enforcement officers to enforce the Litter Control Act outside their ordinary jurisdictional boundaries?
RESPONSE
No. In my opinion, A.C.A. § 8-6-412 merely authorizes a certified law enforcement officer to enforce the provisions of the Litter Control Act within the officer's jurisdictional boundaries and subject to the restrictions of A.C.A. § 16-81-106 (Supp. 2003).
The Arkansas Litter Control Act currently states in the pertinent part:
 (a) All Arkansas-certified law enforcement officers shall enforce the provisions of this subchapter.
A.C.A. § 8-6-412 (Supp. 2000). Violations of the Litter Control Act are misdemeanors. A.C.A. § 8-6-404 (Supp. 2003). Your question is whether certified law enforcement officers can "enforce" the act outside of their ordinary jurisdictional boundaries. I assume that by "enforce" you mean make arrests or issue citations.[1]
Generally speaking, a certified law enforcement officer cannot make a warrantless arrest outside of his or her jurisdiction without statutory authority. Martinez v. State, 352 Ark. 135, 140, 98 S.W.3d 827 (2003). The Arkansas Supreme Court has enumerated four statutory instances in which the General Assembly has granted a certified law enforcement officer power to effectuate arrests outside of his or her jurisdiction as follows:
(1) "fresh pursuit" cases under Ark. Code Ann. § 16-81-301 (1987);
 (2) when the police officer has a warrant for arrest, as provided by Ark. Code Ann. § 16-81-105 (1987); (3) when a local law enforcement agency requests an outside officer to come into the local jurisdiction and the outside officer is from an agency that has a written policy regulating its officers when they act outside their jurisdiction, as stated in Ark. Code Ann. § 16-81-106[c](3), (4) (Supp. 2001); and (4) when a county sheriff requests that a peace officer from a contiguous county come into that sheriff's county and investigate and make arrests for violations of drug laws pursuant to Ark. Code Ann. § 5-64-705
(Repl. 1993).
Martinez, 352 Ark. at 140-41 (citations omitted).
The language of A.C.A. § 8-6-412, as amended by Act 386 of 1999, provides that certified law enforcement officers shall enforce the Arkansas Litter Control Act. A.C.A. § 8-6-412 (a) (Supp. 2003). It does not, however, address the territorial jurisdiction of certified law enforcement officers to enforce the act.
The territorial jurisdiction of certified law enforcement officers is defined in the separate statutes governing the particular type of law enforcement officer. See, e.g. A.C.A. § 12-8-106(b) (Repl. 1999) ("The Department of Arkansas State Police shall be conservators of the peace and as such shall have the powers possessed by police officers in cities and sheriffs in counties, except that the Department of Arkansas State Police may exercise such powers anywhere in this state."); § 14-15-501
(Repl. 1998) ("Each sheriff shall be the conservator of the peace in his county[.]); § 14-52-101 (Repl. 1998) ("The city council shall have the power to establish a city police department . . . [to] preserve the peace of the city[.]"); § 22-4-103(9) ((Repl. 1996) ("[The State Parks, Recreation, and Travel Commission] . . . shall have the sole authority to confer on employees of the department the full authority of peace officers for all land under its jurisdiction."); and § 25-17-304(a) (Repl. 2002) ("The executive heads of each of the . . . institutions owned and operated by the State of Arkansas . . . are authorized to and empowered to appoint one (1) or more of the employees of the institutions . . . as security officer or officers . . . who shall be peace officers under the laws of this state.").
As noted above, the Arkansas Supreme Court has recognized four instances where law enforcement officers are authorized to make arrests and issue citations outside of their territorial jurisdiction. Martinez, supra. In discussing the arrest powers of certified law enforcement officers, the Arkansas Code expressly allows an officer to execute a valid warrant statewide. A.C.A. § 16-81-105 (1987). Furthermore, the Code states:
 (c)(1) A certified law enforcement officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony or a misdemeanor.
* * *
 (3) Statewide arrest powers for certified law enforcement officers will only be in effect when the officer is working outside his jurisdiction at the request of or with the permission of the municipal or county enforcement agency having jurisdiction in the locale where the officer is assisting or working by request.
 (4) Any law enforcement agency exercising statewide arrest powers under this section must have a written policy on file regulating the actions of its employees relevant to law enforcement activities outside its jurisdiction.
A.C.A. § 16-81-106 (Supp. 2003).[2]
Absent one of the exceptions enumerated in A.C.A. § 16-81-105 or 106, I cannot conclude that law enforcement officers have general statewide jurisdiction to enforce the Litter Control Act. You place emphasis, however, on the 1999 amendment to the Litter Control Act, which changed the applicable section as follows:
 (a) (1) All police officers, county sheriffs and deputies, and municipal enforcement officers All Arkansas certified law enforcement officers shall enforce the provisions of this subchapter.
 (2) Forestry enforcement officers and Department of Parks and Tourism enforcement officers shall also enforce the provisions of this subchapter only on state properties under their jurisdiction.
Act 386 of 1999, § 1. It is my understanding that your question focuses on whether Forestry enforcement officers and Department of Parks 
Tourism enforcement officers may make an arrest pursuant to the Litter Control Act outside of their territorial jurisdiction. Forestry officials appointed pursuant to A.C.A. § 25-17-304 are territorially limited to "a state park, or any separate portion of the park." A.C.A. §25-17-304(a). Furthermore, Parks Tourism officers are limited in jurisdiction to land under the jurisdiction of the State Parks, Recreation, and Travel Commission. A.C.A. § 22-4-103(9).
In my opinion, Act 386 of 1999 did not give Forestry enforcement officials or Park Tourism enforcement officials increased territorial jurisdiction. Read simply, A.C.A. § 8-6-412 empowers certified law enforcement officers to enforce the Litter Control Act. The mere elimination of language in former A.C.A. § 8-6-412(a)(2), limiting the territorial jurisdiction of Forestry and Parks Officers does not translate into an affirmative grant of jurisdiction, particularly where separate, remaining provisions of the Arkansas Code restrict such jurisdiction. When a statute is amended, the repealed language is excised and the statute is read as though the amended version were originally enacted. See, e.g. Edland v. State, 91 Ark. 243, 120 S.W. 994 (1909);and Op. Att'y Gen. 89-154. Furthermore, when a statute is amended, it is not presumed to be changed any more than declared in the amendatory act.See Peterson Produce Co. v. Cheney, 227 Ark. 600374 S.W.2d 809 (1964);and Op. Att'y Gen. 87-382. Absent one of the four specific statutory conditions recited in Martinez, supra, a certified law enforcement officer is not authorized to enforce the Litter Control Act outside of his or her jurisdictional boundaries.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh
[1] Any conclusions with respect to arrest powers also apply to the power to issue citations. See, e.g. Op. Att'y Gen. 2003-274, fn. 1. I will, therefore, address your question with respect to arrest powers with the understanding that the conclusions reached will also apply to the issuance of citations.
[2] I note that the language of A.C.A. §§ 16-81-106(c)(1)-(4) was originally enacted as a single subsection, by Act 846 of 1989. The language in the current A.C.A. § 16-81-106(c)(1) through (4) is the verbatim language as enacted in Act 846 of 1989. In reading the current subsection (c), I analyze it as a single unit, as it was enacted. The authority to make a warrantless arrest in (c)(1), therefore, is limited by the requirement in (c)(3) that the action be at the request of or with the permission of the local law enforcement agency and in (c)(4) that the extra-jurisdictional officer's agency must have a policy in writing governing the exercise of statewide arrest powers by its officers. This interpretation is consistent with the third enumerated instance inMartinez, 352 Ark. at 140-41.